Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CELINK<br><br>Recurrido<br><br><br>v.<br><br><br>GRACE MARIN CANCEL Y OTROS<br><br>Peticionario | KLAN202400320 | *Apelación* acogida como *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm.: AG2023CV01949<br><br>Sobre: Ejecución de hipoteca; Propiedad residencial |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de abril de 2024.

Comparece ante nosotros por derecho propio, Grace Marín Cancel (Sra. Marín Cancel o demandada) mediante un recurso intitulado Apelación y solicita que revisemos la *Orden*[1] del Tribunal de Primera Instancia, Sala de Aguadilla (TPI o foro primario) notificada el 26 de febrero de 2024. En el referido dictamen, el foro primario dispuso "[n]ada que proveer" en respuesta a la *Moción de Oposición*[2] que instó la Sra. Marín Cancel. Acogemos el recurso de apelación instado como una petición de *certiorari,* por ser este el recurso adecuado para revisar un dictamen interlocutorio del foro primario. Conservamos el número alfanumérico para propósitos administrativos.

Por los fundamentos que exponemos a continuación, resolvemos ordenar su desestimación por carecer de jurisdicción para entender sobre el asunto. Veamos.

---

[1] Apéndice, pág. 1.
[2] Apéndice, pág. 19.

Número Identificador

RES2024 _____

**I.**

Surge del expediente que, Celink instó una *Demanda*[3] sobre ejecución de hipoteca en contra de la Sra. Marín Cancel ante su presunto incumplimiento con los términos y condiciones pactados en el pagaré hipotecario.[4] Sobre tales bases, Celink adujo que el principal reclamado, ascendente a $239,496.64 está vencido, es líquido y exigible.

En respuesta, la Sra. Marín Cancel contestó la demanda,[5] negó la mayoría de las alegaciones y solicitó la desestimación de la demanda.

Así las cosas, el foro primario emitió una *Orden sobre manejo del caso,*[6] mediante la cual exigió a las partes reunirse para cumplimentar el informe para el manejo del caso y señaló una vista por videoconferencia. Además, emitió una *Orden de referido al Centro de Mediación de Conflictos en casos de ejecución de hipotecas para atenderse mediante videoconferencia* a celebrarse el 27 de febrero de 2024.

Por su parte, la demandada instó una *Moción de Oposición*[7] en la que se opuso a la vista "por internet por carecer de computadora alguna." Además, adujo que la Ley Núm. 121-2019, conocida como la Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayores la protege como persona de edad avanzada, por lo que reiteró su súplica de desestimación de la causa. En respuesta, el TPI notificó una *Orden sobre manejo del caso,* enmendada el 29 de febrero de 2024, a los únicos efectos de hacer constar que la vista señalada para el 9 de mayo de 2024 a las

---

[3] Apéndice, págs. 3-7. Celink incluyó como codemandado a los Estados Unidos de América ante su posible interés sobre el inmueble objeto de este pleito, en virtud de una segunda hipoteca inscrita y un pagaré librado a favor del Secretario del Departamento de Desarrollo Urbano y Vivienda (HUD).
[4] Apéndice, págs. 9-14.
[5] Apéndice, págs. 15-16.
[6] Apéndice, págs. 20-21.
[7] Apéndice, pág.19.

9:00 a.m. sería de manera presencial en la Sala 601 del Centro Judicial de Aguadilla. Por separado, el foro primario, en atención a la *Moción en Oposición* interpuesta por la peticionaria, el 26 de febrero de 2024, el TPI notificó en autos una orden en la que dispuso "[n]ada que proveer".

Inconforme, la Sra. Marín Cancel solicita la revisión del referido dictamen mediante el recurso de epígrafe, presentado ante esta Curia el 3 de abril de 2024.

Hemos examinado con detenimiento el recurso y el apéndice sometido por la Sra. Marín Cancel y optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(b)(5). Resolvemos.

## II.

### A. Jurisdicción

En atención al recurso ante nos, debemos puntualizar que, con respecto al procedimiento para formalizar una petición de *certiorari* ante este Tribunal, la Regla 32(D) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 32(D), y la Regla 52.2(b) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(b) establecen que el recurso de *certiorari* debe ser presentado dentro del término de cumplimiento estricto de treinta (30) días, siguientes al archivo en autos de una copia de la notificación del dictamen recurrido.

En virtud de lo anterior, si una parte acude ante esta Curia fuera del término de cumplimiento estricto que dispone la Regla 32(D) de nuestro Reglamento, *supra*, su recurso es tardío. Como consecuencia, el Tribunal de Apelaciones tendría la obligación de declararse sin jurisdicción, si no se establece la justa causa para la dilación, pues sabemos que, un recurso tardío adolece del grave e

insubsanable defecto de falta de jurisdicción y debe ser desestimado. Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C); *Pueblo v. Rivera Ortiz,* 2022 TSPR 62, resuelto el 13 de mayo de 2022. Ello debido a que, ante un recurso prematuro o tardío el foro revisor no tiene autoridad judicial o administrativa para acogerlo. *Pueblo v. Ríos Nieves,* 2022 TSPR 49, resuelto el 20 de abril de 2022. De esta manera, si un tribunal carece de jurisdicción, procede únicamente desestimar el recurso, sin adjudicar los méritos de la controversia. *R&B Power, Inc. v. Junta de Subastas de la Administración de Servicios Generales de Puerto Rico,* 2024 TSPR 24, resuelto el 13 de marzo de 2024.

Aún más, la desestimación de un recurso tardío priva de manera fatal que el recurso pueda presentarse nuevamente ante cualquier foro. *Pueblo v. Ríos Nieves,* supra. Por ello, cuando un tribunal determina que carece de jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo, en atención a las leyes y reglamentos para el perfeccionamiento de estos recursos. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385 (2020). A esos efectos, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* faculta al foro apelativo a actuar por iniciativa propia para desestimar un recurso apelativo, ante la ausencia de jurisdicción.

**III.**

Resulta primordial para esta Curia auscultar nuestra jurisdicción, previo a ejercer la función revisora que se nos delegó. Surge del recurso de epígrafe que, la Sra. Marín Cancel solicita que revisemos la *Orden* apelada que dispone "nada que proveer" a su *Moción en Oposición*. Puntualizamos que, el dictamen recurrido fue notificado el 26 de febrero de 2024. Por consiguiente, conforme a la normativa antes expuesta, la demandada tenía 30 días para instar su recurso ante esta Curia, vencedero el 27 de marzo de 2024. Sin

embargo, la Sra. Marín Cancel presentó su recurso el 3 de abril de 2024. De manera que, su recurso es tardío.

A lo antes se añade que, no surge del expediente que la Sra. Marín Cancel haya expuesto fundamento alguno para dicha tardanza a tenor con lo dispuesto en la Regla 52.2 de las Reglas de Procedimiento Civil, supra en la que se establece que el referido término es de cumplimiento estricto. Como se sabe, el incumplimiento con este término dispuesto para la revisión judicial de un recurso de certiorari, sin acreditar justa causa, nos priva de jurisdicción. Por consiguiente, procede la desestimación del recurso, según presentado. Destacamos que, lo antes no prejuzga los señalamientos que tengan a bien presentar ambas partes dentro de un debido proceso de ley y en una etapa posterior.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones